UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV17-02196 JAK (FEMx) | Date | March 7, 2018 |
|---|---|---|---|
| Title | Lisa Amanda Guillen, et al. v. Kindred Healthcare Operating, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER PLAINTIFFS' MOTION TO REMAND ACTION TO STATE COURT (DKT. 17)**

### I. Introduction

Lisa Amanda Guillen ("Guillen") and Susan Chapin ("Chapin") (collectively, "Plaintiffs") brought this action in the San Bernardino Superior Court on July 28, 2017. Ex. A to Notice of Removal, Complaint, Dkt. 1-2. The Complaint advances claims against Kindred Healthcare Operating, Inc. d/b/a Kindred Hospital-Ontario ("Defendant" or "Kindred") and Carol Kirk ("Kirk"). *Id.* The Complaint advances 15 causes of action under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940 *et seq.*, and other California statutes together with certain common law claims. *Id.* All of the claims arise from Plaintiffs' former employment at Kindred, and the termination from that employment. *See generally id.*

On October 25, 2017, Kindred removed this action pursuant to 28 U.S.C. §§ 1441 and 1446. Notice of Removal, Dkt. 1 at 4.[1] The removal was based upon Kindred's representation that, unlike Plaintiffs, it is not a citizen of California, and that the amount in controversy exceeds $75,000. Notice of Removal at 4-7. Plaintiffs filed a Motion to Remand the Action. Dkt. 17 ("Motion"). Defendant filed an opposition to the Motion. Dkt. 20 ("Opposition"). Plaintiffs filed a reply. Dkt. 28 ("Reply"). Because the matter was one deemed appropriate for resolution without a hearing pursuant to L.R. 7.15, it was taken under submission. Dkt. 30. For the reasons stated in this Order, the Motion is **DENIED**.

### II. Background

The Complaint alleges that Kindred hired Plaintiffs as case managers in December 2016. Compl., Dkt. 1-2 ¶¶ 13-14, 16. It also alleges that Kindred paid Chapin $50 per hour, and Guillen $47 per hour. *Id.* ¶¶ 14, 16. The Complaint alleges claims of harassment (*see id.* ¶¶ 18-28), and improper termination of employment on March 10, 2017. *Id.* ¶ 29.

---

[1] On September 25, 2017, Plaintiffs voluntarily dismissed their claims against Kirk. *See* Declaration of Ashely Stein ("First Stein Decl."), Dkt. 1-1 ¶ 4; Ex. C to First Stein Decl.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV17-02196 JAK (FEMx) | Date | March 7, 2018 |
|---|---|---|---|
| Title | Lisa Amanda Guillen, et al. v. Kindred Healthcare Operating, Inc., et al. | | |

The Complaint does not allege a dollar amount for claimed damages or other relief. However, it seeks recovery of "general economic and non-economic damages," including emotional distress damages, lost wages, punitive damages, and attorney's fees. *Id.* at 34. Defendant asserts that these demands for monetary relief constitute a claim for at least $75,000. *See* Notice of Removal at 6-12. Indeed Defendant claims that more than $600,000 has been placed in controversy. This is based on the claims for back pay, front pay, emotional distress, attorney's fees and punitive damages. *Id.* at 12. Plaintiffs dispute these contentions, and seek remand by claiming that the jurisdictional amount of $75,000 is not met.

**III.   Analysis**

    A.   General Legal Standards

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a). One basis for federal jurisdiction is when the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

The amount in controversy requirement is satisfied with respect to an action that has been removed if the removing party can show, by a preponderance of the evidence, that it exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The determination of the amount in controversy is not limited to a facial review of the complaint. *Valdez v. Allstate Ins. Co.*, 372 F.3d 115, 1117 (9th Cir. 2004).

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If a case is improperly removed, the federal court must remand the action because it has no subject matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

In general, a case must be removed within 30 days of the service or notice of the initial complaint. *See* 28 U.S.C. § 1446(b). However, if the basis for claimed federal jurisdiction does not arise until a later time, the 30-day time period begins when the defendant receives an amended pleading or "other paper" which first discloses the basis for federal jurisdiction. 28 U.S.C. § 1446(b)(3); *see also Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1142 (9th Cir. 2017).

    B.   Application

As noted, to meet its burden as to the presence of federal jurisdiction, Defendant must show that the adverse parties are citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV17-02196 JAK (FEMx) | Date | March 7, 2018 |
| Title | Lisa Amanda Guillen, et al. v. Kindred Healthcare Operating, Inc., et al. | | |

      1.      <u>Diversity of Parties</u>

"[A] corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State [] where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Notice of Removal states that Kindred is incorporated in Delaware, and that its principal place of business is in Kentucky. Notice of Removal, Dkt. 1 at 6. Plaintiffs do not challenge either of these assertions. Therefore, Kindred has shown that it is a citizen of Delaware and Kentucky for purposes of diversity jurisdiction.

Citizenship of individuals is determined by the state in which the individual is domiciled when the underlying action was commenced. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). A person is domiciled in a state in which he or she resides and has an intention to remain. The Complaint alleges that Plaintiffs have resided in California at all times relevant to the claims. Compl. ¶ 3. Plaintiffs have not argued that they do not have an intention to remain here, and do not dispute that they are citizens of California.

The Complaint alleges that Kirk is a resident of California. *Id.* ¶ 6. Therefore, before she was dismissed, there was not complete diversity of citizenship. That changed when Plaintiffs dismissed Kirk as defendant on September 25, 2017. *See* First Stein Decl., Dkt. 1-1 ¶ 4. Because the Notice of Removal was filed within 30 days thereafter, it was timely. 28 U.S.C. § 1446(b)(3); *see also Chan Healthcare* 844 F.3d at 1142. Because the adverse parties are citizens of different states, this element of diversity jurisdiction has been shown. *See Hunter*, 582 F.3d at 1043.

      2.      <u>Amount in Controversy</u>

           a)      General Principles

               (1)      <u>Evidentiary Standards for Removal</u>

When removal is based on diversity of citizenship, and the complaint does not state an amount in controversy, the defendant's notice of removal may do so. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014). *Dart Cherokee* determined that plausible allegations of an amount in controversy in excess of $75,000 are sufficient in support of a notice of removal, and that a "statement 'short and plain' need not contain evidentiary submissions." *Id.* Where a plaintiff contests the amount in controversy alleged by a defendant, the defendant bears the burden of proof to show by a preponderance of the evidence that at least $75,000 was in controversy at the time of the removal. *Id.* at 533-54 (citing 28 U.S.C. § 1446(c)(2)(B)).

Plaintiffs challenge the Defendant's assertion as to the amount in controversy. *See* Dkt. 17 at 6. Although Defendant bears the burden of proof of the amount in controversy requirement, it was not required to do more than allege that amount in the Notice of Removal. It did so. *See* Notice of Removal, Dkt. 1 at 7-12. Now that the amount has been placed at issue, Defendant must support this claim by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2)(B); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Plaintiffs argue that the claims advanced by Chapin may not be aggregated with those of Guillen for purposes of satisfying the amount in controversy requirement. Although the claims have a common

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV17-02196 JAK (FEMx) | Date | March 7, 2018 |
|---|---|---|---|
| Title | Lisa Amanda Guillen, et al. v. Kindred Healthcare Operating, Inc., et al. | | |

foundation, they do not concern a single right in which Plaintiffs have a common interest. *See Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294-95 (1973); *Troy Bank of Troy, Ind. v. G.A. Whitehead & Co.*, 222 U.S. 39, 40 (1911) ("When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount."). Therefore, Defendant must show that the amount in controversy as to each Plaintiff is more than $75,000.

(2)   Settlement Demands

In support of its position, Defendant has submitted two settlement demand letters. Each is dated June 8, 2017, and was sent by Plaintiffs' counsel to Defendant. *See* Exs. A and B to Declaration of Ashley Stein ("Second Stein Decl."), Dkt. 20-1 at 5-22. One of the letters demands $345,000 to resolve the claims advanced by Chapin (*id.* at 11) and the other seeks $395,000 to resolve the claims advanced by Guillen (*id.* at 22). Defendant argues that the letters constitute an admission by Plaintiffs that the amount in controversy is more than $75,000. *See* Dkt. 20 at 11-13.

In general, settlement offers are inadmissible under Fed. R. Evid. 408. Rule 408 precludes their use for the purpose of showing "liability for or invalidity of the claim or its amount," but not in connection with evaluating the amount in controversy in an action. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.3 (9th Cir. 2002). *Cohn* held that a "settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Id.* at 840. Here, the letters provide detailed bases for the demands. The Chapin letter states that "should this matter go to a jury, we will present damages that, coupled with punitive damages and PAGA penalties, will easily surpass $500,000." Dkt. 20-1 at 11. The Guillen letter asserts that the claim for damages presented at trial would likely be greater than $800,000. *Id.* at 22. As in *Cohn*, these letters reflect that Plaintiffs value their claims well above $75,000.[2]

Plaintiffs respond that because the settlement letters were sent prior to the filing of the Complaint, they cannot be relied upon as "other paper," as defined by Section 1446, for purposes of establishing the amount in controversy requirement.[3] *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885-86 (9th Cir. 2010). In *Carvalho*, a plaintiff appealed the denial of her motion to remand arguing that the removal was untimely. *Id.* at 884. In support of this argument, plaintiff argued that the settlement demand she had made six months prior to filing the complaint provided notice to defendant of the amount in controversy, notwithstanding that no specific amount was alleged in the complaint. *Id.* at 885. The Ninth Circuit rejected this argument, holding that "a pre-complaint document containing a jurisdictional clue" is not relevant for purposes of calculating the timeliness of removal under Section 1446. *Id.* at 886.

---

[2] *Cohn* recognizes that, if plaintiffs "argue[] that the demand was inflated and not an honest assessment of damages," a settlement letter need not be given conclusive weight. *See Cohn*, 281 F.3d at 840. District courts interpreting *Cohn* have found that "where a plaintiff takes steps to disavow a damages estimate, the estimate, standing alone, is insufficient to show that the requisite amount has been met." *Vitale v. Celadon Trucking Services, Inc.*, No. 16-cv-8535-PSG, 2017 WL 626356, at *3 (C.D. Cal. Feb. 15, 2017); *see also Graybill v. Khudaverdian*, No. 15-cv-01627-CJC, 2015 WL 7295378, at *4 (C.D. Cal. Nov. 17, 2015) (granting a motion to remand under *Cohn* where a plaintiff's counsel "immediately disavowed the demand as a sort of pie-in-the-sky settlement wish and not a serious evaluation of the value of his claim."). Plaintiffs have not presented such an argument or supporting evidence in support of the Motion.

[3] The settlement letters were sent to Defendant on June 8, 2017. *See* Exs. A and B to Second Stein Decl., Dkt. 20-1 at 5-22. The Complaint was filed on July 28, 2017.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV17-02196 JAK (FEMx) | Date | March 7, 2018 |
|---|---|---|---|
| Title | Lisa Amanda Guillen, et al. v. Kindred Healthcare Operating, Inc., et al. | | |

Here, the settlement letters are not offered to establish the relevant removal deadline, but to support Defendant's argument that Plaintiffs subjectively valued their claims at more than $75,000. Unlike the letter at issue in *Carvalho*, the settlement letters here were sent less than two months prior to when the Complaint was filed. Moreover, Plaintiffs have not disclaimed the valuations that are reflected in the demand letters.

For these reasons, the settlement demand letters are admissible for the limited purpose of calculating the amount in controversy as to each Plaintiff. Given their detailed demands, they are "sufficient to establish the amount in controversy" as to each of them. *Cohn*, 281 F.3d at 840.

(3) <u>Aggregation of Claims</u>

The Complaint seeks monetary recovery as to each of the following: (i) economic damages; (ii) emotional distress damages; (iii) punitive damages; and (iv) attorney's fees. For purposes of calculating the amount in controversy, it is appropriate to use the sum of the amounts for each that have been shown by a preponderance of the evidence. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). These amounts are to be totaled separately for each Plaintiff in assessing this alternative basis for showing that the amount in controversy standard has been met.

b) Economic Damages

Plaintiffs' claims for economic damages appear to be based primarily on alleged lost wages. *See* Compl. ¶¶ 52, 67. As noted, the Complaint alleges that Kindred paid Chapin $50 per hour, and Guillen $47 per hour. *Id.* ¶¶ 14, 16. Relying on those figures, and assuming that each worked 40 hour week[4], Defendant alleges in the Notice of Removal that Guillen and Chapin respectively earned $1,880 and $2,000 per week during their employment at Kindred. *See* Notice of Removal, Dkt. 1 at 8. From this Defendant argues that the amount of back pay in controversy between the date of Plaintiffs' alleged termination, March 10, 2017, and the date of removal, October 25, 2017, is $62,040 for Guillen, and $66,000 for Chapin.[5] Because the amount in controversy is measured as of the date of removal, that additional claims for back pay may be presented as the litigation proceeds, is not relevant. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Therefore, district courts assessing jurisdiction over similar causes of action have considered only the amount of back pay that is alleged to have accrued as of the date of removal.[6]

---

[4] Defendant has applied this figure in its analysis, which Plaintiffs have not disputed.
[5] Plaintiffs also seek statutory penalties for their wage and hour claims pursuant to Cal. Lab. Code §§ 203, 226. *See* Compl. ¶¶ 173, 189. Defendant argues that estimated amounts of such penalties should be included in the amount in controversy. Because the alleged penalties are not necessary to meet the amount in controversy requirement, they are not separately analyzed.
[6] *See, e.g.*, *Palmer v. Progress Rail Servs. Corp.*, No. 16-cv-1570-FMO, 2016 WL 1090553, at *2 (C.D. Cal. Mar. 21, 2016); *Soto v. Kroger Co.*, No. 12-cv-0780-DOC, 2013 WL 3071267, at *3 (C.D. Cal. June 17, 2013); *Fortescue v. Ecolab Inc.*, No. 14-cv-0253-FMO, 2014 WL 296755, at *2 (C.D. Cal. Jan. 28, 2014); *Mendoza-Topete v. Smarte Carte, Inc.*, No. 16-cv-04571-SJO, 2016 WL 4974941, at *3 (C.D. Cal. Sept. 15, 2016); *Sasso v. Noble Utah Long Beach, LLC*, No. 14-cv-09154-AB, 2015 WL 898468, at *4 (C.D. Cal. Mar. 3, 2015); *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 15-cv-04035-CAS, 2015 WL 4554336, at *2 (C.D. Cal. July 27, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV17-02196 JAK (FEMx) | Date | March 7, 2018 |
| Title | Lisa Amanda Guillen, et al. v. Kindred Healthcare Operating, Inc., et al. | | |

### c) Emotional Distress Damages

Because the Complaint seeks an award of damages for the alleged emotional distress of each Plaintiff, a potential award as to this claim may be considered in calculating the amount in controversy as of the time of removal. As Plaintiffs concede in the Motion, to establish the likely amount of recoverable emotional distress damages, a removing defendant may provide evidence in the form of jury verdicts from similar cases. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Defendant has not provided any direct evidence, but instead argues that "[i]f Plaintiffs are able to prove their claims at trial, it is reasonable to conclude that they will seek, and a jury may award, at least $25,000 each in emotional distress damages." Dkt. 20 at 17. Plaintiff argues that this unsupported assertion does not satisfy Defendant's burden to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See Sanchez*, 102 F.3d at 404.

Even had Defendant provided evidence of jury verdicts in prior FEHA cases, it would have been required to show that they were ones with claims and facts analogous to those advanced here. *See Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012) ("While [] jury verdicts in similar cases can provide evidence of the amount in controversy, the cases must be factually identical or, at a minimum, analogous to the case at issue."). Defendant has not provided any such analogous evidence here.

Although no evidence has been presented as to the value of these claims, it is reasonable to attribute some value to them. Given the pleading requirements of Fed. R. Civ. P. 11, there must be a good faith basis for the emotional distress damages claim. The settlement demands refer to emotional distress damages. Thus, each states that such damages together with those sought for economic loss and as punitive damages, will "well exceed $300,000" for Chapin and "will well exceed $500,000" for Guillen. Dkt. 20-1 at 9, 20. Defendant has proposed that $25,000 in emotional distress damages be included in the amount in controversy. Given a common sense assessment of such claims in the context of an employment action, it is reasonable to include between $10,000 and $25,000 as the amount at issue as to the emotional distress claims of each Plaintiff. *See, e.g.*, *Kroske*, 432 F.3d at 980 (affirming determination that, in light of a plaintiff's alleged lost wages of at least $55,000, emotional distress damages could be valued at $25,000).

### d) Punitive Damages

Punitive damages are to be included in the amount in controversy analysis when they are sought in the operative complaint. *Haldiman v. Cont'l Cas. Co.*, 666 Fed. Appx. 612, 613-14 (9th Cir. 2016). Punitive damages are available in FEHA cases. *See, e.g.*, *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 693 (2009).

There is no set rule on how to calculate a potential award of punitive damages in connection with the amount in controversy analysis at the time of removal. Defendant offers no evidence to support a precise estimation of such damages. Instead, it relies on the unsupported assertion that "the plaintiff's claim for punitive damages might alone exceed the jurisdictional minimum." Notice of Removal, Dkt. 1 at 11 (internal quotation marks and citations omitted). This statement is insufficient to satisfy the Defendant's burden of proof with respect to punitive damages. However, it is recognized that punitive damages may not exceed a certain ratio based on the amount of compensatory damages. *See, e.g.*, *State Farm Mut.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV17-02196 JAK (FEMx) | Date | March 7, 2018 |
|---|---|---|---|
| Title | Lisa Amanda Guillen, et al. v. Kindred Healthcare Operating, Inc., et al. | | |

*Auto Ins. Co. v. Campbell*, 538 U.S. 408, 424-426 (2003); *Roby*, 47 Cal. 4th at 718. District courts within the Ninth Circuit have described a 1:1 ratio of punitive damages to compensatory damages as "conservative" for purposes of assessing the amount in controversy requirement. *Guglielmino*, 506 F.3d at 698; *see also Zapata Fonseca v. Vigo Importing Co.*, No. 16-cv-02055-EJD, 2016 WL 6249006, at *2 (N.D. Cal. Oct. 26, 2016); *Bayol v. Zipcar, Inc.*, No. 14-cv-02483-THE, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015).

A common sense assessment of this issue is warranted. Plaintiffs have sought the award of punitive damages both in the Complaint and as a basis for their respective settlement demands. The allegations include claims of age discrimination. *See* Compl. ¶ 37.Based on the foregoing, a conservative assessment of potential punitive damages as of the time of removal, which is supported by a preponderance of the evidence, is between $10,000 and $25,000 for each Plaintiff. This is well below the "conservative" 1:1 ratio that has been previously endorsed by the Ninth Circuit. *See Guglielmino*, 506 F.3d at 698.

    e)  Attorney's Fees

Plaintiffs seek an award of attorney's fees. *See, e.g.*, Compl. ¶ 56. If the case were to proceed through trial, the settlement letters "anticipate that attorney's fees and costs will exceed $200,000," and, after applying a lodestar multiplier, will be valued at about $300,000 per plaintiff. *See* Dkt. 20-1 at 11, 21. It is not clearly established whether the amount at issue upon removal is more than the fees that have already incurred or may be claimed for the work performed up to that time. District courts have reached different outcomes on this issue. *Compare Faulkner v. Astro-Med, Inc.*, No. 99-cv—2562-SI, 1999 WL 820198, at *4 (N.D. Cal. Oct. 4, 1999) (declining to consider post-removal attorney's fees) *and Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998) (same) *with Garcia v. ACE Cash Express, Inc.*, No. 14-cv-0285-DOC, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014) (considering post-removal attorney's fees) *and Simmons*, 209 F. Supp. 2d at 1034-35 (same).

Including the amount of potential attorney's fees likely to be incurred after removal could be seen as inconsistent with the limitation on economic damages to those shown as of the time of removal. However, there is relative certainty that attorneys will spend time pursuing the claims on behalf of their clients and, if successful, seek an award of their fees. Thus, some district courts have considered a future demand for such fees as "the amount that can reasonably be anticipated at the time of removal." *Simmons*, 209 F. Supp. 2d at 1035.

Employment claims like this one "have been found to require substantial effort from counsel." *Sasso*, 2015 WL 898468, at *6 (citing *Garcia*, 2014 WL 2468344, at *5) (internal quotation marks omitted). *Sasso* estimated that $30,000 was a reasonable and conservative estimate for attorney's fees in a FEHA and wrongful termination case. *Id.* at *6. There the court found $300 per hour to be a reasonable and conservative fee rate, and 100 hours to be a reasonable and conservative time commitment estimate. *Id.*

Here, Plaintiffs' counsel has sought an award of its fees in connection with the five hours that he spent on the Motion. *See* Declaration of Raymond Babaian ("Babaian Decl."), Dkt. 17 at 14-15. Babaian declares that his hourly rate is $395. *Id.* ¶ 8. Given these facts, as well as the time necessary for the preparation of the demand letters and the Complaint, it is reasonable and conservative to conclude that, as of the time of removal, Plaintiffs' counsel had spent at least 10-20 hours on this matter. This results in a range of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV17-02196 JAK (FEMx) | Date | March 7, 2018 |
| Title | Lisa Amanda Guillen, et al. v. Kindred Healthcare Operating, Inc., et al. | | |

$3950-$7900 in attorney's fees.

    f)  Total Amount in Controversy

Even if a conservative approach is taken in which the lower end of the ranges for each of the amounts for which one was provided is applied, the basis for jurisdiction has been established. Thus, Defendant has shown, by a preponderance of the evidence, that at least the following amounts were in controversy at the time of removal: (i) $62,040 in economic damages for Guillen, and $66,000 in economic damages for Chapin; (ii) $10,000 in emotional distress damages, for each Plaintiff; (iii) $10,000 in punitive damages, for each Plaintiff; and (iv) $3950 in total attorney's fees. These figures total $84,015 for Guillen and $87,975 for Chapin. Therefore, because the $75,000 standard has been met as to each Plaintiff. The Motion is **DENIED**.

   3.  <u>Plaintiffs' Request for Attorney's Fees</u>

Plaintiffs have requested an award of attorney's fees in connection with the Motion. A request for an award of attorney's fees in connection with a motion to remand may be presented pursuant to 28 U.S.C. § 1447(c). Such an award is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Because the Motion has been denied, it is clear that this standard has not been met. Therefore, this request is **DENIED**

**IV.**  <u>Conclusion</u>

For the reasons stated in this Order, the Motion and the request for an award of attorney's fees are **DENIED**.

**IT IS SO ORDERED.**

                                     :
                          Initials of Preparer  ak